1  DANA JOHN MCCUNE, STATE BAR #82525
2  DOMINIC A. QUILLER, STATE BAR #274057
   McCUNE & HARBER, LLP
3  515 South Figueroa Street, Suite 1100
   Los Angeles, California 90071
4  Telephone: (213) 689-2500
   Facsimile: (213) 689-2501
5  dmccune@mccuneharber.com and dquiller@mccuneharber.com

6  Attorneys for Defendant, CITY OF POMONA [Public Entity, Fee Exempt Pursuant to
   Government Code §6103]

7

8               UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF LOS ANGELES

10

11 ROCHELLE BRYANT and JERRY        Case No: 2:21-CV-00578-RGK-JPR
   BRYANT,                          Assigned to Judge R. Gary Klausner, Ctrm
12                                   850, 8th Floor
           Plaintiffs,              (Complaint filed on January 22, 2021)
13
        vs.                         **ANSWER TO COMPLAINT BY CITY
14                                  OF POMONA**
   CITY OF POMONA; FOOTHILL
15 TRANSIT; and DOES 1 through 10,  **DEMAND FOR JURY TRIAL**

16         Defendants.              Trial Date:  Not set

17

18

19

20      TO ALL PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD:

21

22      Defendant, CITY OF POMONA, ("City" or "Defendant") provides a response to

23 the Complaint of plaintiff, for itself alone, and for no other defendant.

24      In addition, this responding defendant responds to each paragraph of the

25 complaint as follows:

26 / / /

27 / / /

28 / / /

                              -1-

1.     In answer to **Paragraph 1** of the Complaint, defendant admits that plaintiffs have filed a complaint, but denies having violated any of their rights.

2.     In answer to **Paragraph 2** of the Complaint, defendant does deny for purposes of this responsive pleading, but this response is subject to change with additional information.

3.     In answer to **Paragraph 3** of the Complaint, defendant denies that it placed the subject bus stop.  Further, there was no dangerous condition of public property.  Instead, Julian Bryant "jaywalked" in front of a moving car and was struck as a result thereof.  The incident between Julian Bryant and the driver, James Edward Reed, Jr., did not occur at an intersection.  Instead, 100 feet south of the intersection of Garey Avenue and Alvarado Street, Julian Bryant entered the street.  The City denies having notice that the location was placed in an alleged "dangerous condition."  The City was made aware of a September 2015motor vehicle accident at the intersection of Garey and Alvarado, which is 100 feet north of the location of the bus stop.  That unrelated vehicle collision did not make the intersection, where Julian Bryant did not cross in any event, a dangerous condition.

4.     In answer to **Paragraph 4** of the Complaint, defendant denies that it placed the subject bus stop.  Further, there was no dangerous condition of public property.  Instead, Julian Bryant "jaywalked" in front of a moving car and was struck as a result thereof.  The incident between Julian Bryant and the driver, James Edward Reed, Jr., did not occur at an intersection.  Instead, 100 feet south of the intersection of Garey Avenue and Alvarado Street, Julian Bryant entered the street.  The City denies having notice that the location was placed in an alleged "dangerous condition."  The City was made aware of a September 2015motor vehicle accident at the intersection of Garey and Alvarado, which is 100 feet north of the location of the bus stop.  That unrelated vehicle collision did not make the intersection, where Julian Bryant did not cross in any event, a dangerous condition.

5.      In answer to **Paragraph 5** of the Complaint, defendant denies.  Julian Bryant was severely injured by an automobile driven by James Edward Reed, Jr.  James Edward Reed, Jr. did not see Julian Bryant because he was focused on a nearby Foothill Transit bus.  Julian Bryant caused the collision by being in the intersection outside of a crosswalk, and failing to look both ways before stepping in front of James Edward Reed, Jr.'s car.

6.      In answer to **Paragraph 6** of the Complaint, defendant denies that the area was in a dangerous condition.  Further, Julian Bryant did not enter the street at the intersection.

7.      In answer to **Paragraph 7** of the Complaint, defendant admits.

8.      In answer to **Paragraph 8** of the Complaint, defendant admits.

9.      In answer to **Paragraph 9** of the Complaint, defendant denies insofar as plaintiffs are requesting monetary damages for the harm caused to Julian Bryant.

10.      In answer to **Paragraph 10** of the Complaint, defendant admits.

11.      In answer to **Paragraph 11** of the Complaint, defendant admits.

12.      In answer to **Paragraph 12** of the Complaint, defendant denies based on lack of information.

13.      In answer to **Paragraph 13** of the Complaint, defendant denies based on lack of information.

14.      In answer to **Paragraph 14** of the Complaint, defendant admits.

15.      In answer to **Paragraph 15** of the Complaint, defendant denies insofar as there are no policies at issue.

16.      In answer to **Paragraph 16** of the Complaint, defendant admits.

17.      In answer to **Paragraph 17** of the Complaint, defendant denies based on lack of information.

18.      In answer to **Paragraph 18** of the Complaint, defendant denies based on lack of information.

19.    In answer to **Paragraph 19** of the Complaint, defendant denies based on lack of information.

20.    In answer to **Paragraph 20** of the Complaint, defendant denies based on lack of information.

21.    In answer to **Paragraph 21** of the Complaint, defendant denies based on lack of information.

22.    In answer to **Paragraph 22** of the Complaint, defendant admits.

23.    In answer to **Paragraph 23** of the Complaint, defendant denies based on lack of information.

24.    In answer to **Paragraph 24** of the Complaint, defendant denies that it acted with deliberate indifference or was otherwise negligent towards the plaintiffs.

25.    In answer to **Paragraph 25** of the Complaint, defendant denies, based on a lack of information and the definition of "very busy commercial street," that the intersection was a "very busy commercial street." The City admits that Julian Bryant sustained an injury at the time stated. Defendant denies the remainder of the allegations.

26.    In answer to **Paragraph 26** of the Complaint, "the location" is 100 feet south of the nearest intersection, in the middle of the street where Julian Bryant stepped in front of a vehicle driven by James Edward Reed, Jr. No traffic control devices are required to be placed in such a location. Defendant denies the remainder of the allegations based on lack of information.

27.    In answer to **Paragraph 27** of the Complaint, defendant denies insofar as the bus stop is located 100 feet south of the intersection of Garey and Alvarado.

28.    In answer to **Paragraph 28** of the Complaint, defendant denies based on lack of information.

29.    In answer to **Paragraph 29** of the Complaint, defendant denies. Witness Sergio Chavarria Rubio, who was positioned in his car on Alvarado at the intersection of Garey, was able to see Julian Bryant standing in the middle of the street.

McCune & Harber, LLP
515 South Figueroa St.
Los Angeles, CA 90071
(213) 689-2500
Fax (213) 689-2501

-4-

30.     In answer to **Paragraph 30** of the Complaint, defendant denies.  No such warnings are required in the middle of the street.  Julian Bryant did not cross at an intersection, but left the safety of the sidewalk 100 feet south of the nearest intersection. No warning other than the fact that Julian Bryant was not allowed to cross in the middle of the street was required.

31.     In answer to **Paragraph 31** of the Complaint, defendant denies.  The City did not place the bus stop.  Further, the City is unaware of any other pedestrian versus car accident at or about the bus stop.

32.     In answer to **Paragraph 32** of the Complaint, defendant admits that Garey Avenue is within the City's geographical limits but is unsure as to plaintiffs' allegation of "ownership and control."  No City employee was present at the time of the incident or contributed to the incident in any way.

33.     In answer to **Paragraph 33** of the Complaint, defendant admits.

34.     In answer to **Paragraph 34** of the Complaint, defendant admits other than "high rate of speed".

35.     In answer to **Paragraph 35** of the Complaint, defendant denies based on lack of information.

36.     In answer to **Paragraph 36** of the Complaint, defendant believes this allegation to be true.

37.     In answer to **Paragraph 37** of the Complaint, defendant denies based on lack of information.

38.     In answer to **Paragraph 38** of the Complaint, defendant incorporates herein each response to each of the prior paragraphs as if set forth fully herein.

39.     In answer to **Paragraph 39** of the Complaint, the City denies that it violated any laws in relationship to the vehicular versus pedestrian collision between Julian Bryant and James Edward Reed, Jr.

40.     In answer to **Paragraph 40** of the Complaint, defendant denies based on lack of information.

McCUNE & HARBER, LLP
515 SOUTH FIGUEROA ST.
LOS ANGELES, CA 90071
(213) 689-2500
Fax (213) 689-2501

-5-

41.    In answer to **Paragraph 41** of the Complaint, defendant denies based on lack of information.

42.    In answer to **Paragraph 42** of the Complaint, defendant denies based on lack of information.

43.    In answer to **Paragraph 43** of the Complaint, defendant denies based on lack of information.

44.    In answer to **Paragraph 44** of the Complaint, defendant denies based on lack of information.

45.    In answer to **Paragraph 45** of the Complaint, defendant denies based on lack of information.

46.    In answer to **Paragraph 46** of the Complaint, defendant denies based on lack of information.

47.    In answer to **Paragraph 47** of the Complaint, defendant denies based on lack of information.

48.    In answer to **Paragraph 48** of the Complaint, defendant denies based on lack of information.

49.    In answer to **Paragraph 49** of the Complaint, defendant denies based on lack of information.

50.    In answer to **Paragraph 50** of the Complaint, responding party denies insofar as the incident did not occur at the intersection of Garey and Alvarado.  Instead, the collision occurred 100 feet south of stated intersection.  Defendant denies the remainder of the allegations based on lack of information.

51.    In answer to **Paragraph 51** of the Complaint, defendant denies based on lack of information.

52.    In answer to **Paragraph 52** of the Complaint, defendant denies based on lack of information.

53.    In answer to **Paragraph 53** of the Complaint, defendant denies based on lack of information.

-6-

McCUNE & HARBER, LLP
515 SOUTH FIGUEROA ST.
LOS ANGELES, CA 90071
(213) 689-2500
Fax (213) 689-2501

54.    In answer to **Paragraph 54** of the Complaint, defendant denies based on lack of information.

55.    In answer to **Paragraph 55** of the Complaint, defendant denies based on lack of information.

56.    In answer to **Paragraph 56** of the Complaint, defendant denies based on lack of information.

57.    In answer to **Paragraph 57** of the Complaint, defendant denies that it was on notice that the location of the bus stop was in a dangerous location.  The City was informed that there was an accident on September 27, 2015 involving two vehicles at the intersection of Garey and Alvarado.  However, the subject incident did not happen at the intersection of Garey and Alvarado.  Further, the location where the incident actually occurred would only be dangerous to a pedestrian who was unlawfully in the middle of the street such as Julian Bryant.

58.    In answer to **Paragraph 58** of the Complaint, the allegations are sufficiently vague and ambiguous and therefore the City denies on a lack of information and belief.

59.    In answer to **Paragraph 59** of the Complaint, the allegations are sufficiently vague and ambiguous and therefore the City denies on a lack of information and belief.

60.    In answer to **Paragraph 60** of the Complaint, defendant denies.  The collision was caused by the inattention of James Edward Reed, Jr., and the unlawful crossing by Julian Bryant.  Defendant admits that there was a collision between Julian Bryant and James Edward Reed, Jr., but lacks specific information and belief regarding the extent of Julian Bryant's injuries, if any.

61.    In answer to **Paragraph 61** of the Complaint, defendant denies.  The collision was caused by the inattention of James Edward Reed, Jr., and the unlawful crossing by Julian Bryant.  Defendant admits that there was a collision between Julian

McCune & Harber, LLP
515 South Figueroa St.
Los Angeles, CA 90071
(213) 689-2500
Fax (213) 689-2501

Bryant and James Edward Reed, Jr., but lacks specific information and belief regarding the extent of Julian Bryant's injuries, if any.

62.    In answer to **Paragraph 62** of the Complaint, defendant denies.  The collision was caused by the inattention of James Edward Reed, Jr., and the unlawful crossing by Julian Bryant.  Defendant admits that there was a collision between Julian Bryant and James Edward Reed, Jr., but lacks specific information and belief regarding the extent of Julian Bryant's injuries, if any.

63.    In answer to **Paragraph 63** of the Complaint, defendant denies.  The collision was caused by the inattention of James Edward Reed, Jr., and the unlawful crossing by Julian Bryant.  Defendant admits that there was a collision between Julian Bryant and James Edward Reed, Jr., but lacks specific information and belief regarding the extent of Julian Bryant's injuries, if any.  Further, the City is unaware of any prior vehicle versus pedestrian collisions at the point where the collision between Julian Bryant and James Edward Reed, Jr. occurred.

64.    In answer to **Paragraph 64** of the Complaint, defendant denies.  Defendant was aware of one vehicular collision that occurred don September 17, 2015 at the intersection of Garey and Alvarado.  However, the subject incident did not occur at the intersection.  Moreover, the City is unaware of any other pedestrian versus vehicle collisions that occurred at or near the subject bus stop.

65.    In answer to **Paragraph 65** of the Complaint, defendant had no notice that individuals would unlawfully cross outside of the crosswalk to reach the bus.  Moreover, the City did not install or pick the location of the subject bus stop.  Further, the City had no notice of any vehicular versus pedestrian collisions at or near the location of the subject bus stop.

66.    In answer to **Paragraph 66** of the Complaint, the placement of bus stop is managed and controlled by Foothill Transit.  The City was unaware of any risk of a vehicle versus pedestrian collision in the middle of the street, where the subject incident occurred.  It had no information that there were prior similar incidents at the same

McCUNE & HARBER, LLP
515 SOUTH FIGUEROA ST.
LOS ANGELES, CA 90071
(213) 689-2500
Fax (213) 689-2501

-8-

location.  Further, citizens are generally aware of the prohibition of jaywalking, and therefore no notice was necessary.  Further, Julian Bryant had a safe crosswalk to get to the bus stop, but chose to jaywalk instead 100 feet south of the intersection.

67.    In answer to **Paragraph 67** of the Complaint, defendant denies having any fault in the collision between Julian Bryant and James Edward Reed, Jr.

68.    In answer to **Paragraph 68** of the Complaint, defendant admits.

## AFFIRMATIVE DEFENSES

**AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFFS' COMPLAINT, THIS ANSWERING DEFENDANT ALLEGES:**

The Complaint fails to state facts sufficient to constitute a cause of action against this answering defendant.

**AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFFS' COMPLAINT, THIS ANSWERING DEFENDANT ALLEGES:**

This defendant is shielded from liability by the Design Immunity statute, codified in *Government Code* §830.6.

**AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFFS' COMPLAINT, THIS ANSWERING DEFENDANT ALLEGES:**

At the time and place of the accident alleged in the plaintiffs' Complaint, the plaintiff JULIAN SHELBY BRYANT knew of the danger and risk incident to his activity.

/ / /

McCUNE & HARBER, LLP
515 SOUTH FIGUEROA ST.
LOS ANGELES, CA 90071
(213) 689-2500
Fax (213) 689-2501

**AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFFS' COMPLAINT, THIS ANSWERING DEFENDANT ALLEGES:**

Any and all acts or omissions of this defendant or its agents or employees which allegedly caused the accident at the time and place set forth in the Complaint were the result of the exercise of discretion vested in it and, therefore this defendant is not liable to plaintiffs for any of the alleged injuries or damages pursuant to *Government Code* §820.2.

**AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFFS' COMPLAINT, THIS ANSWERING DEFENDANT ALLEGES:**

Any and all acts or omissions which allegedly created the condition at the time and place of the alleged accident were caused by third parties and, therefore, this defendant is not liable to plaintiffs for any of the alleged damages pursuant to *Government Code* §820.8.

**AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFFS' COMPLAINT, THIS ANSWERING DEFENDANT ALLEGES:**

The alleged condition of the property set forth in plaintiffs' Complaint did not constitute a dangerous condition creating a substantial risk of injury, but rather, if any risk existed at all, it was merely a minor, trivial, or insignificant risk which did not create a dangerous condition of property; and, therefore this defendant is not liable for any of the alleged damages pursuant to *Government Code* §830.2.

/ / /

/ / /

/ / /

-10-

McCUNE & HARBER, LLP
515 SOUTH FIGUEROA ST.
LOS ANGELES, CA 90071
(213) 689-2500
Fax (213) 689-2501

**AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO
PLAINTIFFS' COMPLAINT, THIS ANSWERING DEFENDANT
ALLEGES:**

Neither this answering defendant nor any of its agents or employees created the alleged dangerous condition, if any, or had actual or constructive notice of such alleged dangerous condition, if any, and this defendant, their agents and employees are therefore immune from any liability under *Government Code* §§835 and 835.2.

**AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE TO
PLAINTIFFS' COMPLAINT, THIS ANSWERING DEFENDANT
ALLEGES:**

This defendant is not liable for the alleged injuries or damages because the acts or omissions which created the alleged conditions were reasonable within the meaning of *Government Code* §835.4.

**AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE TO
PLAINTIFFS' COMPLAINT, THIS ANSWERING DEFENDANT
ALLEGES:**

By the exercise of reasonable effort, plaintiffs could have mitigated the amount of damages, if any there were, but plaintiffs have failed and refused, and continue to fail and refuse to exercise a reasonable effort to mitigate damages and therefore plaintiffs are barred from seeking recovery of those damages.

**AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO
PLAINTIFFS' COMPLAINT, THIS ANSWERING DEFENDANT
ALLEGES:**

The injuries and damages, if any, sustained by plaintiffs at the time or times and place or places alleged in the Complaint were a direct and

McCUNE & HARBER, LLP
515 SOUTH FIGUEROA ST.
LOS ANGELES, CA 90071
(213) 689-2500
Fax (213) 689-2501

proximate result of the acts, omissions, or negligence of third parties not within the knowledge or control of against this answering defendant, and were sustained, if at all, without any negligence on the part of against this answering defendant.

### AS A N ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFFS' COMPLAINT, THIS ANSWERING DEFENDANT ALLEGES:

Plaintiffs have not sued this public entity pursuant to authority provided by statute and, consequently, this defendant is not liable to these plaintiffs pursuant to *Government Code* §§815 and 820.

### AS A T TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFFS' COMPLAINT, THIS ANSWERING DEFENDANT ALLEGES:

The injuries sustained, if any, were either wholly or in part, negligently caused by persons, firms, corporations, or entities other than this answering defendant, and said negligence, and said negligence is either imputed to plaintiffs, by reason of the relationship of said parties to plaintiffs and/or said negligence comparatively reduces the percentage of negligence, if any, by this answering defendant.

### AS A HIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFFS' COMPLAINT, THIS ANSWERING DEFENDANT ALLEGES:

Any and all events and happenings in connection with the allegations contained in the Complaint, and any resulting injuries and damages, were proximately caused and contributed to by the negligence of third parties and this answering defendant's liability

McCUNE & HARBER, LLP
515 SOUTH FIGUEROA ST.
LOS ANGELES, CA 90071
(213) 689-2500
Fax (213) 689-2501

-12-

to plaintiffs, if any, is proportionate only to its respective degree of negligence in comparison to all other responsible third parties, as determined by the trier of fact.

**AS A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFFS' COMPLAINT, THIS ANSWERING DEFENDANT ALLEGES:**

This answering defendant is not liable to these plaintiffs pursuant to *Government Code* §815.2, in that this public entity's employee who allegedly caused this incident is immune from liability.

**AS A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFFS' COMPLAINT, THIS ANSWERING DEFENDANT ALLEGES:**

This answering defendant is not liable to plaintiffs pursuant to *Government Code* §815.6, in that it discharged with reasonable diligence all mandatory duties.

**AS A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFFS' COMPLAINT, THIS ANSWERING DEFENDANT ALLEGES:**

Plaintiffs failed to present their claims to this answering defendant within the time period mandated by *Government Code* §911.2, et. seq.

**AS A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFFS' COMPLAINT, THIS ANSWERING DEFENDANT ALLEGES:**

This answering defendant notified plaintiffs of the deficiency of their claims in compliance with *Government Code* §911.3.

/ / /

-13-

**AS A N EIGHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFFS' COMPLAINT, THIS ANSWERING DEFENDANT ALLEGES:**

This answering defendant is immune pursuant to *Government Code* §818.6.

**AS A NINETEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFFS' COMPLAINT, THIS ANSWERING DEFENDANT ALLEGES:**

This answering defendant was not negligent or did not cause the plaintiffs' injury.

**AS A TWENTIETH, SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT, THESE ANSWERING DEFENDANTS ALLEGE:**

The City is immune from liability for an alleged failure to construct any traffic signals.

**AS A TWENTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT, THESE ANSWERING DEFENDANTS ALLEGE:**

The City was not required as a matter of law to install a crosswalk.

**AS A TWENTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT, THESE ANSWERING DEFENDANTS ALLEGE:**

The location of the subject bus stop was decided by third parties.

///

-14-

McCUNE & HARBER, LLP
515 SOUTH FIGUEROA ST.
LOS ANGELES, CA 90071
(213) 689-2500
Fax (213) 689-2501

McCUNE & HARBER, LLP
515 SOUTH FIGUEROA ST.,
LOS ANGELES, CA 90071
(213) 689-2500
Fax (213) 689-2501

**AS A TWENTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT, THESE ANSWERING DEFENDANTS ALLEGE:**

Foothill Transit owns, operates, maintains, and makes the decision where to place any bus stops located within the City for any and all Foothill Transit bus stops, including the subject bus stop.

**AS A TWENTY-FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT, THESE ANSWERING DEFENDANTS ALLEGE:**

Plaintiffs have filed an identical suite in state court which is current pending.

**AS A TWENTY-FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT, THESE ANSWERING DEFENDANTS ALLEGE:**

The City of Pomona and its employees have qualified immunity.

**AS A TWENTY-SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT, THESE ANSWERING DEFENDANTS ALLEGE:**

Plaintiffs have failed to allege a policy or practice of the City as required by *Monell* to hold the City liable under 42 USC §1983.

**AS A TWENTY-SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT, THESE ANSWERING DEFENDANTS ALLEGE:**

The Ninth Circuit has indicated that the parents' rights should be properly assessed under the 14th Amendment standard for interference with the right family

-15-

association, whereas the minor's claim should be properly assessed under the 4th Amendment. *Rabinovitz v. City of Los Angeles*, 287 F.Supp.3d 933, 951 (C.D. Cal. 2018).

**AS A TWENTY-EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT, THESE ANSWERING DEFENDANTS ALLEGE:**

The 4th Amendment protects a child's right to be free from unreasonable seizure. *Dees v. Cty. of San Diego*, 960 F.3d. 1145, 1154 (9th Cir. 2020).

**AS A TWENTY-NINTH, SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT, THESE ANSWERING DEFENDANTS ALLEGE:**

The City did not unreasonably cease minor Julian Bryant and therefore did not violate the right to family association by his parents, the plaintiffs Rochelle and Jerry Bryant.

**AS A THIRTIETH, SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT, THESE ANSWERING DEFENDANTS ALLEGE:**

There was no intent, or any action regardless of intent, by the City of Pomona directed towards the plaintiffs as required to substantiate this cause of action for interference with parent/child relationship. *Quillion v. Walcott*, 434 U.S. 246, 255 (1978).

/ / /

/ / /

/ / /

/ / /

McCUNE & HARBER, LLP
515 SOUTH FIGUEROA ST.
LOS ANGELES, CA 90071
(213) 689-2500
Fax (213) 689-2501

-16-

**PRAYER**

WHEREFORE, this answering defendant denies all requests for relief because defendant is in no way responsible for the subject collision that occurred between Julian Bryant and James Edward Reed, Jr.

**DEMAND FOR JURY TRIAL**

Defendant City of Pomona hereby demands a jury trial on all causes of action.

DATED:     March 25, 2021                    McCUNE & HARBER, LLP

By:_____
DANA JOHN MCCUNE, ESQ.
DOMINIC A. QUILLER, ESQ.
Attorneys for Defendant, CITY OF POMONA

McCUNE & HARBER, LLP
515 SOUTH FIGUEROA ST.
LOS ANGELES, CA 90071
(213) 689-2500
Fax (213) 689-2501