JS6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-00578-RGK-JPR | Date | February 16, 2023 |
|---|---|---|---|
| Title | *Rochelle Bryant, et al v. City of Pomona, et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order re Defendants' Motions to Dismiss the FAC [DEs 64, 67]

## I.  INTRODUCTION

On January 21, 2021, Rochelle and Jerry Bryant ("Plaintiffs") filed a Complaint against the City of Pomona (the "City") and Foothill Transit ("Foothill"), alleging a violation of their Fourteenth Amendment right to substantive due process. (ECF No. 1.) Plaintiffs' claim arises from an injury that their son Julian sustained when he was struck by a vehicle, which Plaintiffs allege has deprived them of their companionship with Julian. In April 2021, the Court dismissed Plaintiffs' complaint for failure to state a claim under Federal Rule of Civil Procedure ("Rule") 12(b)(6). (*See* ECF No. 35.) After the Court struck Plaintiffs' Motion for Leave to Amend, Plaintiffs appealed. (*See* ECF Nos. 35, 37–38.)

In September 2022, the Ninth Circuit found the Court had abused its discretion in "denying Plaintiffs leave to amend without giving any explanation and at least one opportunity to remedy their pleading deficiencies." (9th Cir. Memo. at 3, ECF No. 40.) The Court then granted Plaintiffs permission to amend their Complaint, and Plaintiffs filed the operative First Amended Complaint ("FAC") on December 9, 2022. (ECF Nos. 51–52.) The FAC adds a new defendant—Ronald Chan, a senior city engineer employed by the City ("Chan," and together with the City and Foothill, "Defendants")—and claims for *Monell*[1] liability against the City and Foothill. (*See* FAC ¶¶ 14, 73–87.)

Presently before the Court are two Motions to Dismiss, one filed by Foothill and the other filed by the City and Chan. (ECF Nos. 64, 67.) For the following reasons, the Court **GRANTS** the Motions and **DISMISSES** the FAC **without leave to amend.**

---

[1] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-00578-RGK-JPR | Date | February 16, 2023 |
|---|---|---|---|
| Title | *Rochelle Bryant, et al v. City of Pomona, et al* | | |

## II. FACTUAL BACKGROUND

The following facts are alleged in the FAC, unless otherwise noted:

The City owns and controls Garey Avenue ("Garey"), which is a busy commercial street. Foothill operates a bus stop located on the southwest side of Garey near Alvarado Street ("Alvarado"), where Garey curves. At the intersection of Garey and Alvarado (the "Intersection"), there are three crosswalks—on the north, east, and west sides of the intersection. Each crosswalk is controlled by a tri-light traffic signal. The south side of the intersection, however, has no marked pedestrian crosswalk, and is not controlled by a pedestrian traffic signal. Cars travel through the intersection at a high rate of speed, and pedestrians have difficulty gauging the speed of southbound traffic. It is also difficult for motorists to see pedestrians crossing the street.

Plaintiffs allege that Defendants had notice that the Intersection was dangerous for pedestrians. From 1975 to 2000, "NO PEDESTRIAN CROSSING" signs had been posted on the south side of the Intersection, because a traffic study conducted by the City determined that it was dangerous for pedestrians to cross there. Further, in 2015, Foothill's safety manager reported that the bus stop on the southwest side of the Intersection was in a dangerous location because there had been automobile accidents there. Foothill's planning department then reached out to Chan, a senior civil engineer for the City, and raised the issue with him. Finally, a concerned bus rider emailed Foothill in 2016 to complain that "she did not feel safe at the bus stop because cars coming around the curve on Garey Avenue appeared like they were going to crash into the bus stop." (FAC ¶ 35.) Even so, Defendants decided to keep the bus stop at its original location. To make matters worse, the "NO PEDESTRIAN CROSSING" signs were removed in 2018 as part of a rehabilitation project, and Chan never ordered them replaced.

According to Plaintiffs, this directly led to the underlying incident, which occurred on January 23, 2019. On that date, their son Julian jaywalked across the south side of the Intersection to catch the bus, which Plaintiffs allege he would not have done had he seen a sign that said "NO PEDESTRIAN CROSSING." While in the street, he was struck by a car and suffered a traumatic brain injury that has left him in a permanent vegetative state.

## III. JUDICIAL STANDARD

Under Federal Rule of Civil Procedure ("Rule") 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if the plaintiff alleges enough facts to draw a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-00578-RGK-JPR | Date | February 16, 2023 |
|---|---|---|---|
| Title | *Rochelle Bryant, et al v. City of Pomona, et al* | | |

reasonable inference that the defendant is liable for the alleged misconduct. *Id.* A plaintiff need not provide "detailed factual allegations" but must provide more than mere legal conclusions. *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

When ruling on a Rule 12(b)(6) motion, the Court must "accept all factual allegations in the complaint as true." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The Court must also "construe the pleadings in the light most favorable to the nonmoving party." *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1159 (9th Cir. 2012). The Court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Dismissal "is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

**IV.    DISCUSSION**

Plaintiffs allege substantive due process violations against all Defendants, and *Monell* claims against the City and Foothill. The Court finds that Plaintiffs have not sufficiently stated any of their claims.

**A.    Substantive Due Process**

The Fourteenth Amendment prohibits states from depriving "any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. It is well settled that a parent has a fundamental liberty interest in the companionship and society of his or her child. *Lee v. City of L.A.*, 250 F.3d 668, 685 (9th Cir. 2001). To establish a constitutional violation based on substantive due process, a plaintiff must show: (1) a deprivation of the liberty at issue; and (2) "conscience shocking behavior by the government." *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006). The Court finds that Plaintiffs have failed to sufficiently allege the second element.

To determine whether the government's conduct shocks the conscience, a court must first decide which "standard of culpability" applies: the "purpose to harm" standard or the "deliberate indifference" standard. *Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008). The Court has already determined that the deliberate indifference standard applies because this lawsuit involves a situation "when it was practical for the state's official to actually deliberate before taking the action that led to the deprivation." (*See* Order re: Mot. Dismiss at 3–4 (citing *Hayes v. Cnty. of San Diego*, 736 F.3d 1223, 1230 (9th Cir. 2013)).) "Deliberate indifference is the conscious or reckless disregard of the consequences of one's acts or omissions." *Gantt v. City of L.A.*, 717 F.3d 702, 708 (9th Cir. 2013). It is a stringent standard of fault, "even higher than gross negligence." *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 974 (9th Cir. 2011). To

JS6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-00578-RGK-JPR | Date | February 16, 2023 |
|---|---|---|---|
| Title | *Rochelle Bryant, et al v. City of Pomona, et al* | | |

plead deliberate indifference, the plaintiff must show that the state actor recognized an unreasonable risk and actually intended to expose an individual to such risk without regard for the consequences to that individual. *Id.* (quoting *L.W. v. Grubbs*, 92 F.3d 894, 899 (9th Cir. 1996)). In other words, a state actor may be held liable where the actor "knows that something is going to happen but ignores the risk and exposes [an individual] to it." *Id.*

In its original order dismissing the case, the Court noted that Plaintiffs' deliberate indifference allegations—that Garey was a very busy street, that Defendants installed a bus stop on that street, and that maintaining a bus stop at that location created a substantial risk of serious harm—were conclusory. (Order re: Mot. Dismiss at 4.) In particular, the Court observed that Plaintiffs had completely failed to allege Defendants' knowledge of an unreasonable risk and an intent to expose bus stop patrons to that risk. (*Id.*) Plaintiffs' FAC makes new allegations that attempt to remedy those deficiencies—to wit, that Defendants knew from certain traffic studies or customer complaints that the Intersection was dangerous, that automobile accidents had occurred at the bus stop, and that Chan failed to replace the "NO PEDESTRIAN CROSSING" signs after they were removed. (FAC ¶¶ 30–38.)

These new allegations still do not allege Defendants' deliberate indifference. "At worst," they show a "lapse in judgment" by Defendants. *Patel*, 18 F.4th at 1162. But a claim of deliberate indifference requires that the defendants knew of an obvious danger and affirmatively placed the victim in a "highly vulnerable condition," typically one "more dangerous than the one in which they found him." *Herrera v. L.A. Unified Sch. Dist.*, 18 F.4th 1156, 1163 (9th Cir. 2021) (internal quotations omitted). Indeed, a "crucial premise" of a deliberate indifference finding is that "plaintiffs were left without protection" by the defendants' acts. *Id.* Here, Plaintiffs make no allegations that any defendant took an *affirmative* act to endanger their son; rather, the *gravamen* of the FAC is that the Defendants did not act at all and thus failed to remedy potential safety issues. In addition, the FAC lacks allegations that Julian was left without protection—indeed, it expressly alleges that there were signal-controlled crosswalks on all sides of the Intersection except the one that Julian ran across. (FAC ¶ 29.) A pedestrian cannot be "left without protection" when he can simply take the less direct (but safely traffic-controlled) route across the Intersection.[2]

---

[2] The Court also notes that, under California law, the Intersection likely does not even qualify as a "dangerous condition." An intersection poses a danger "only if it poses a substantial risk of injury when used with due care in a manner in which it is reasonably foreseeable that it will be used." *Forman v. City of Oakland*, 2021 WL 3186023, at *4 (Cal. Ct. App. July 28, 2021) (internal quotations omitted). There is no indication in the FAC that cars presented a danger to pedestrians who used the signal-controlled crosswalks, *i.e.* those who used the Intersection with due care.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-00578-RGK-JPR | Date | February 16, 2023 |
|---|---|---|---|
| Title | *Rochelle Bryant, et al v. City of Pomona, et al* | | |

In all, Plaintiffs have alleged, at most, a tragic case of negligence. But negligent behavior does not necessarily equal a substantive due process violation. Accordingly, the Court **DISMISSES** the substantive due process claims.

**B.**     *Monell* **Claims**

A "person [that] has suffered no constitutional injury at the hands of [an] individual" city official cannot bring a viable *Monell* claim. *Heller v. City of L.A.*, 475 U.S. 796, 799 (1986). Because Plaintiffs fail to state a claim against Chan (the only individual defendant in this case), their *Monell* claims must also fail.

**C.**     **Leave to Amend**

Plaintiffs seek leave to amend any deficiencies identified by the Court. Under Rule 15(a), leave to amend "shall be freely granted when justice so requires" because "the underlying purpose of Rule 15 is to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Leave to amend should generally only be denied if allowing amendment would be futile, would unduly prejudice the opposing party, would cause undue delay, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

The Court denies Plaintiffs leave to amend. As previously discussed, even with additional allegations, Plaintiffs have not alleged a substantive due process claim. Having amended the Complaint once, and presumably including all factual allegations known to them, Plaintiffs cannot conceivably allege the "conscience shocking behavior" required to state a viable substantive due process claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-00578-RGK-JPR | Date | February 16, 2023 |
|---|---|---|---|
| Title | *Rochelle Bryant, et al v. City of Pomona, et al* | | |

### V.     CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motions and **DISMISSES** the FAC **without leave to amend.**[3]

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | JRE/ap |

---

[3] The Court cautions the attorneys for the City and Chan that certain of their arguments strayed away from zealous advocacy and into, in their own words, either "rookie mistake[s]" or "intentional misrepresentation[s] to this Court." (City and Chan's Reply ISO Mot. Dismiss at 7, ECF No. 74.)

First, they argued that this lawsuit is precluded under *res judicata* because of an already-litigated state-court lawsuit. Plaintiffs (correctly) countered that *res judicata* does not yet apply, because the time to appeal the state court case has not yet expired and thus the judgment is not final. *See White v. City of Pasadena*, 671 F.3d 918, 926 (9th Cir. 2012) (noting that when the preclusive lawsuit occurred in state court, California preclusion law applies); *see also Eichman v. Fotomat Corp.*, 759 F.2d 1434, 1439 (9th Cir. 1985) (noting that under California law, "a judgment is not final for purposes of *res judicata* during the pendency of and until the resolution of the appeal"). The City and Chan responded with a befuddling argument: because Plaintiffs only needed to show negligence in the state case and thus had a lesser burden than they do here, the Court should ignore that the state court judgment is not yet final. (City and Chan's Reply ISO Mot. Dismiss at 4.) The Court will not do so, and encourages the attorneys for the City and Chan to review the elements of California claim preclusion. *See DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 824 (2015) (noting that *res judicata* cannot be applied until there has been a final judgment on the merits in the first suit).

Second, the City and Chan asked the Court to take judicial notice of numerous items of evidence from the state court litigation, including trial testimony and a photograph of the Intersection, in order to counter the factual allegations of the FAC. Plaintiffs (again, correctly) argued that the Court could not take judicial notice of disputed facts from another litigation, even if they are on a public docket. Defendants then countered by: (1) accusing Plaintiffs of being inexperienced or lying to the Court; and (2) insisting that the Court could take notice of "true facts elicited during the State Case." (City and Chan's Reply ISO Mot. Dismiss at 7.) This is not the law. "[A] court cannot generally take judicial notice of the underlying factual findings of proceedings or records in another cause so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause then before it." *Daniels v. Valencia*, 2018 WL 3640321, at *3–4 (E.D. Cal. July 30, 2018) (quoting *M/V Am. Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983)). "A disputed fact does not become undisputed merely because a judge or another adjudicative body decides it. If a court could take judicial notice of a fact simply because it was found to be true in a previous action, the doctrine of collateral estoppel would be superfluous." *Tate v. Univ. Med. Ctr. of S. Nev.*, 2016 WL 7045711, at *6 (D. Nev. Dec. 2, 2016). The Court strongly encourages the attorneys for the City and Chan to ensure they are familiar with the relevant law before casting aspersions on opposing counsel and **DENIES** the Request for Judicial Notice at Dkt. No. 62.